UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

AMERICAN PLAN ADMINISTRATORS,

                Petitioner,

       -against-

SOUTH BROWARD HOSPITAL
DISTRICT,

                Respondent.

-------------------------------------------------------X

**MEMORANDUM AND ORDER**
21-MC-2663 (KAM) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

       Petitioner American Plan Administrators ("Petitioner") initiated this action against Respondent South Broward Hospital District ("Respondent") on September 15, 2021, seeking to quash a subpoena that Respondent issued to Petitioner to produce documents for use in a class action lawsuit filed in the United States District Court for the Southern District of Florida. (*See* Motion to Quash Subpoena ("Mot. to Quash"), ECF No. 1, at 4.) In response, on October 20, 2021, Respondent filed a motion to transfer Petitioner's motion to quash to the Southern District of Florida. (Notice of Mot. to Transfer, ECF No. 7.) On November 3, 2021, Petitioner responded (*see* Reply in Opp'n, ECF No. 9), after which Respondent filed a reply in support of their motion to transfer. (Reply in Supp., ECF No. 11.) The Court held a motion hearing on December 1, 2021. (*See* Dec. 1, 2021 ECF Minute Entry and Order.) For the reasons set forth below, this Court grants Respondent's motion to transfer (ECF No. 7).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 21, 2020, Respondent South Broward Hospital District filed a putative class action lawsuit against ELAP Services, LLP ("ELAP") and Group & Pension Administrators, Inc. in the United States District Court for the Southern District of Florida. (Mot. to Quash, ECF No. 1, at 3; Amended Complaint, ECF No. 1, at 24 (ECF page numbering).) On August 31, 2021, Respondent served the subpoena in question upon Petitioner, a non-party to the class action. (Mot. to Quash, ECF No. 1, at 4.) According to Petitioner, the subpoena seeks the production of personal information and personal health information of individuals from across the country. (Mot. to Quash, ECF No. 1, at 4; Subpoena, ECF No. 1, at 66–73 (ECF page numbering).) On September 15, 2021, Petitioner filed a motion to quash in the Eastern District of New York, arguing, among other things, that the subpoena:

> is overly broad, contains confidential health information for thousands of patients, would disclose Movants' confidential business information and trade secrets, presents an unfathomable burden of compliance to a non-party, and is not reasonably calculated to lead to the discovery of admissible evidence in the underlying Florida-venued lawsuit, and primarily serves solely as a means of harassment . . . .

(Mot. to Quash, ECF No. 1, at 5 (edited for typographical error).)

Respondent argues that Petitioner's motion to quash should be transferred to the Southern District of Florida under Federal Rule of Civil Procedure 45(f) or, in the alternative, that this Court should deny Petitioner's motion to quash. (Notice of Mot. to Transfer, ECF No. 7, at 1.) Respondent contends that the "exceptional circumstances" required for a transfer under Federal Rule of Civil Procedure 45(f) are present here because four identical motions to quash, filed in four different federal district courts (the District of Montana, District of New Jersey, Eastern District of New York, and Northern District of Illinois), are seeking to quash almost identical subpoenas issued by

Respondent. (Mem. in Supp. of Mot. to Transfer, ECF No. 7-1, at 2, 5 (citing Mot. to Quash, *In re Subpoena of S. Broward Hosp. Dist.*, No. 21-MC-9 (D. Mont. Sept. 13, 2021), ECF No. 1; Mot. to Quash, *Integrity Health Adm'rs LLC*, No. 21-CV-16871 (D.N.J. Sept. 13, 2021), ECF No. 1; Mot. to Quash, *In re Subpoena of S. Broward Hosp. Dist.*, No. 21-MC-2663 (E.D.N.Y. Sept. 15, 2021), ECF No. 1; Mot. to Quash, *In re Subpoena of S. Broward Hosp. Dist. Litig.*, No. 21-CV-4929 (N.D. Ill. Sept. 16, 2021), ECF No. 1).)[1] In addition to the motions to quash filed in these four federal districts, two more motions to quash similar subpoenas issued by Respondent have been filed in the U.S. District Court for the Northern District of Iowa and the U.S. District Court for the District of Utah, respectively (*see* Resp't's Letter Regarding Supp. Authority for Transfer, ECF No. 14, at 1, 1 n.1)—totaling six purportedly related motions to quash filed across the country.

Petitioner opposes Respondent's motion to transfer, arguing that the subpoenaed non-parties mentioned in Respondent's motion are differently situated and thus, transferring the motion to quash for the sake of "consistency" is not a valid argument. (Reply in Opp'n, ECF No. 9-3, at 1.) In response, Respondent claims that the "exceptional circumstances" required for a transfer under Federal Rule of Civil Procedure 45(f) exist in this case. (Reply in Supp., ECF No. 11, at 2–3.) For the reasons that follow, the Court finds that the "exceptional circumstances" anticipated by Federal Rule of Civil Procedure 45(f) weigh in favor of transferring Petitioner's motion to quash. The Court therefore grants Respondent's motion to transfer (ECF No. 7).

---

[1] Prior to Respondent's filing of the instant motion to transfer, the parties in the District of New Jersey resolved their matter by stipulating to withdrawal of Respondent's subpoena and Petitioner's motion to quash. (Mem. in Supp. of Mot. to Transfer, ECF No. 7-1, at 5 n.3); *see also* Stipulation to Withdraw, *Integrity Health Adm'rs LLC*, No. 21-CV-16871 (D.N.J. Oct. 13, 2021), ECF No. 5.

## DISCUSSION

**I. Legal Standards**

    A.  <u>Proper Venue for the Motion to Quash</u>

Federal Rule of Civil Procedure 45 requires that a motion to quash a non-party subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). The "place of compliance" for a non-party subpoena seeking "documents, electronically stored information and tangible things" is "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Id.* Petitioner's principal place of business is in Brooklyn, New York. (Fishel Rispler Affidavit, ECF No. 1, at 74 ¶ 2 (ECF page numbering); *see also* Mot. to Quash, ECF No. 1, at 6.) Thus, the District Court for the Eastern District of New York is the proper venue for Petitioner to file their motion to quash.

    B.  <u>Motion to Transfer</u>

Federal Rule of Civil Procedure 45(f) states, in pertinent part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee's notes to Federal Rule of Civil Procedure 45(f) observe that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment; *see also Patriot Nat. Ins. Grp. V. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176–77 (N.D.N.Y. 2013) (transferring parties' cross-motions to the Southern District of Florida because that court had significantly more knowledge of the case compared to the transferring court); *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-MISC-130 (ER), 2019

WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (observing that the transfer of a subpoena to another district was in the "interests of judicial economy," and would reduce any risk of a conflicting ruling).

### C. Motion to Quash

Motions to quash subpoenas are entrusted to the sound discretion of the district court. Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 45 provides that on a timely motion, "the court for the district where compliance is required must quash or modify a subpoena" if it "subjects a person to undue burden." *Id*. The movant bears the burden of persuasion in a motion to quash a non-party subpoena. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Whether a subpoena is unduly burdensome depends on factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*

## II. Analysis

### A. Rule 45(f) Motion to Transfer

In light of the six similar motions filed across the country, the Court analyzes Respondent's motion to transfer (ECF No. 7) first. Respondent requests that the Court transfer Petitioner's motion to quash to the Southern District of Florida, where the underlying action is pending, for several reasons. (*See generally* Mem. in Supp. of Mot. to Transfer, ECF No. 7-1.) Respondent argues that the "exceptional circumstances" required for a transfer under Federal Rule of Civil Procedure 45(f) are present because there are identical motions to quash filed across the country (*id.*, at 2, 5), transfer of the motion to quash would promote judicial economy (*id.* at 10–12), and Respondent's

interest in transfer outweighs any interest Petitioner has in the local resolution of the motion to quash (*id.* at 12–13).

While Federal Rule of Civil Procedure 45(f) states that a motion may be transferred under "exceptional circumstances," it is the Advisory Committee's notes to Rule 45(f) that provide concrete guidance as to when those "exceptional circumstances" are present and transfer is warranted. *See* Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment (identifying, *inter alia*, avoiding the disruption of the issuing court's management of the underlying litigation, as a relevant factor for consideration). For the reasons stated below, the Court finds that the factors discussed in the Advisory Committee's notes to Rule 45(f) are present here and transfer of the motion to quash to the Southern District of Florida is appropriate.

    B.  <u>The Southern District of Florida Has Already Ruled on Issues Presented by the Motion to Quash</u>

The Advisory Committee's notes observed that "transfer may be warranted . . . when [the transferee] court has already ruled on issues presented by the motion . . . ." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment. As noted above, the Southern District of Florida is where the underlying class action lawsuit is pending. That court has already entered a HIPAA-Qualified Protective Order that may address Petitioner's concerns that the instant subpoena inappropriately seeks protected, personal health information. (*See* Mem. in Supp. of Mot. to Transfer, ECF No. 7-1, at 8 (citing Ex. B, ECF No. 7-4, ¶ 2).) Additionally, the Southern District of Florida court has entered a Confidentiality Agreement and Protective Order that addresses how parties and non-parties may designate material, such as the documents requested by the instant subpoena, as confidential. (*Id.* (citing Ex. C, ECF No. 7-5, ¶¶ 1–2, 9, 15).) The Court thus finds that the Southern District of Florida "has already ruled on issues

6

presented by the motion[.]" Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment.

### C. The Same Issues Have Already Arisen in Other Districts

The Advisory Committee's notes to Federal Rule of Civil Procedure 45(f) further observe that "transfer may be warranted . . . when . . . the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment. To date, six almost identical motions to quash have been filed in six federal district courts. (*See* Mem. in Supp. of Mot. to Transfer, ECF No. 7-1, at 2, 5; Resp't's Letter Regarding Supp. Authority for Transfer, ECF No. 14, at 1, 1 n.1.) Here, it is not just that the "same issues are likely to arise"—they have already arisen.

While not dispositive, it is instructive that one of the other five district courts has already transferred an almost identical motion to quash to the Southern District of Florida. (*See* Resp't's Letter Regarding Supp. Authority for Transfer, ECF No. 14 (citing Ex. A).) Specifically, the Northern District of Iowa transferred a motion to quash a subpoena that was served on a third-party administrator in Iowa, finding that the Southern District of Florida court "is familiar with the claims and issues in this case, as it has already had to rule on multiple discovery disputes between the parties." (Ex. A to Resp't's Supp. Authority for Transfer, ECF No. 14-1, at 3.) In that case, the court held that transfer of the motion to quash to the Southern District of Florida was ultimately warranted "in the interest of judicial economy and consistent rulings." (*Id.* at 4.)

Citing similar reasons as the Northern District of Iowa court, the District Court for the Northern District of Illinois issued a *sua sponte* order directing the parties to brief, on an expedited basis, whether a nearly identical motion to quash should be transferred to the Southern District of Florida. (Mem. in Supp. of Mot. to Transfer, ECF No. 7-1, at 5 (citing Ex. A).) The Northern District of Illinois observed that "it might

7

make a great deal of sense to transfer th[e] motion to the issuing court." (Ex. A to Mot. to Transfer, ECF No. 7-3.) The court in Illinois also stated that "[t]he presiding court will have a much, much better handle on the discoverability of the information and records sought, and its importance to the proposed class action." (*Id.*) The court also noted that "with remote appearances now commonplace and cost-effective, typically there is no downside involved in litigating the dispute in the issuing court." (*Id.*)

The reasoning of these courts applies with equal force here. The same issues presented by the motions here are already arising in multiple other districts. The interests of judicial economy and consistency weigh in support of granting Respondent's transfer motion.

### D. Transfer Will Not Burden Petitioner

The Advisory Committee's notes to Federal Rule of Civil Procedure 45(f) explain that when deciding a motion to transfer, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas . . . ." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment. Here, the burden on Petitioner if the Court transfers the motion to quash is very low. As the Northern District of Illinois noted, "remote appearances [are] now commonplace . . . ." (Ex. A to Mot. to Transfer, ECF No. 7-3.) In the underlying class action lawsuit, the court in the Southern District of Florida has not held any hearings in person and has scheduled a discovery hearing telephonically. *See South Broward Hospital District v. Elap Services. LLC*, No. 21-CV-61007 (AHS) (S.D. Fla. 2021), ECF Nos. 64, 68. During the motion hearing before this Court, counsel for Respondent also represented that Magistrate Judge Alicia O. Valle, who is assigned to the originating class action lawsuit in the Southern District of Florida, has been holding all hearings telephonically. (*See* Dec. 1, 2021 Hr'g Tr., ECF No. 15, at 19:13–18.) Additionally, in the most recent administrative order in the Southern District of

Florida, filed on August 25, 2021, Chief Judge Celia M. Altonaga authorized judges in that court to use video or teleconference services for various criminal proceedings, which indicates that civil proceedings can take place via video or teleconference services as well. *See* Administrative Order 2021-74, Seventh Order Concerning Authorization under the CARES Act, United States District Court Southern District of Florida.

Based on the current record, there is no evidence indicating that transfer of the motion to quash to the Southern District of Florida would result in any burden to Petitioner or Petitioner's employees or witnesses that would be any greater than that imposed by litigating the motion here in the Eastern District of New York, where the Court is conducting matters such as these by telephone or video due to the ongoing COVID-19 pandemic. The burden of litigating the case in Florida would likely be identical, as the record shows that Petitioner and Petitioner's employees or witnesses will be able to attend hearings in the Southern District of Florida via telephone or video. There is no evidence that Petitioner or any witness would have to travel to Florida to litigate the motion to quash. Accordingly, the Court finds that Petitioner will not be unduly burdened by litigating the motion to quash in the Southern District of Florida.

E. <u>The Interests in Transferring Outweigh the Interests of the Petitioner in Obtaining Local Resolution</u>

Finally, the Advisory Committee's notes to Federal Rule of Civil Procedure 45(f) indicate that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment. During the December 1, 2021 Motion Hearing, Petitioner argued that its interest in obtaining resolution of the motion to quash in the Eastern District of New York stems, in part,

9

from wanting a New York court to determine New York-specific issues as related to the motion to quash. (*See* Dec. 1, 2021 Hr'g Tr., ECF No. 15, at 8:17–20.) However, when asked whether there are material differences between New York privacy laws and federal HIPAA protections, which the Southern District of Florida would and should apply, counsel for Petitioner was not able to specify any material differences. (*See id.* at 8:21–9:18.) Petitioner also failed to identify any reason the Southern District of Florida judges could not interpret and apply New York law if necessary. (*See id.* at 6:21–8:5.) Here, for all of the reasons discussed above, the interests of judicial economy and adjudicating related and similar issues in the same court outweigh Petitioner's interests in obtaining local resolution of the motion to quash.

## CONCLUSION

Because the "exceptional circumstances" contemplated by Federal Rule of Civil Procedure 45(f) exist here and transfer to the Southern District of Florida is warranted, the Court finds no need to engage in an analysis of the merits of Petitioner's motion to quash the instant subpoena (ECF No. 1).

For the foregoing reasons, the Court grants Respondent's motion to transfer (ECF No. 7) the motion to quash. The Clerk of Court is respectfully directed to TRANSFER Petitioner's Motion to Quash (ECF No. 1) to the Southern District of Florida.

**SO ORDERED.**

Dated: Brooklyn, New York
      December 22, 2021

                                              *Taryn A. Merkl*
                                          TARYN A. MERKL
                                          UNITED STATES MAGISTRATE JUDGE